**<u>EXHIBIT C</u>**

**<u>EXHIBIT C</u>**

**GIORDANO, HALLERAN & CIESLA, P.C.**
125 Half Mile Road, Suite 300
Red Bank, N.J. 07701
(732) 741-3900
Matthew N. Fiorovanti, Esq. (027332006)

**KOFFSKY SCHWALB LLC**
349 Fifth Avenue
New York, NY 10016

```
FILED

SEP - 4 2020

CHAMBERS OF
FRANCIS R. HODGSON, JR. P.J. Ch
SUPERIOR COURT OCEAN COUNTY
```

Attorneys for Plaintiffs, Chana Ringel and CR Lakewood, LLC, individually, and derivatively on behalf of BCR Lakewood Holdings, LLC and Chana Ringel, individually and derivatively on behalf of BCR Oakridge, LLC

| | |
|---|---|
| CHANA RINGEL and CR LAKEWOOD, LLC, individually, and derivatively on behalf of BCR LAKEWOOD HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BR LAKEWOOD, LLC and BENJAMIN RINGEL,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>OCEAN COUNTY<br><br>DOCKET NO. OCN-C-127-15<br><br>Civil Action |
| CHANA RINGEL, individually, and derivatively on behalf of BCR OAKRIDGE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BENJAMIN RINGEL, SUNSET HILL OAKRIDGE PLAZA, LLC, JOHN DOES 1-10, and ABC CORPORATIONS 1-10,<br><br>Defendants. | DOCKET NO. OCN-C-152-16<br><br>Civil Action<br><br>**SUPPLEMENTAL ORDER ENFORCING SETTLEMENT AGREEMENT** |

**THIS MATTER,** having been opened to the court by plaintiffs Chana Ringel (*"Plaintiff"* or *"Chana"*), individually and derivatively on behalf of BCR Oakridge, LLC (*"BCR Oakridge"*), and CR Lakewood, LLC (*"CR Lakewood"*), individually and derivatively on behalf of BCR

Lakewood Holdings, LLC ("*BCR Lakewood Holdings*") (collectively, "*Plaintiffs*"), by way of cross-motion to settle the order resolving the motion to enforce the settlement agreement filed by defendants BR Lakewood, LLC ("*BR Lakewood*"), Sunset Hill Oakridge Plaza, LLC ("*Sunset Hill*") and Benjamin Ringel ("*Benjamin*") (collectively, "*Defendants*"), and the court having considered the papers in support of and in opposition to the motion, and for good cause having been shown;

IT IS on this 4ᵗʰ day of ~~July~~ September, 2020,

**ORDERED** that the order entered May 8, 2020 is hereby amended and supplemented to provide that the Term Sheet annexed hereto as Exhibit "A" is hereby enforced in its entirety;

**IT IS FURTHER ORDERED** that all parties to this litigation as well as all the trustees of the Ringel Children Trust I shall execute the Term Sheet annexed hereto as Exhibit "A" within seven (7) days of the date of this Order; and

**IT IS FURTHER ORDERED** that counsel for Plaintiffs shall serve a copy of this order upon counsel for Defendants within 7 days hereof.

HON. FRANCIS R. HODGSON, Jr., P.J.Ch.

Opposed ___

Unopposed ___

Docs #4367866-v1

# EXHIBIT "A"

## TERM SHEET

1. **Signatories** -- executed by the CR Parties and the BR Parties including the Ringel Children Trusts trustees.

2. **Pinewood Complex** --

   i.   The Parties agree to sell the Pinewood Complex to a third party purchaser or to either Chana Ringel or Benjamin Ringel, solely or in partnership or conjunction with any person or entity, via an arm's length sales process ("**Sale Process**") intended to maximize the value of the Pinewood Complex, to be brokered by a mutually acceptable real estate broker (the "**Broker**") pursuant to a listing agreement with the Broker in a form mutually acceptable to the Parties. Within fourteen (14) days from the date of the full execution of the Term Sheet, the Parties shall select the Broker. In the event the Parties cannot agree on the Broker within this fourteen (14) day period, the CR Parties shall propose the names of three (3) brokers to the BR Parties, who shall select one of the proposed brokers to serve as the Broker within seven (7) days. The Sale Process shall provide for the sale of the Pinewood Complex to the highest bidder pursuant to a binding agreement without any contingencies to closing including without limitation any due diligence or mortgage contingency. The proceeds of such sale (net of any customary closing costs, apportionment of Property Expenses, and out of pocket costs and expenses associated with the sale incurred by, or payable to, the Broker) shall be split equally between the CR Parties and the BR Parties, subject to the amount to the $2.5 million of escrowed funds from each side ($5 million in total). In the event of such contingency, the Parties agree to fully cooperate with the sale of the Pinewood Complex, including signing all necessary documents, facilitating access to the Pinewood Complex to the Broker, other brokers, and prospective buyers, and promptly providing or authorizing the provision of such financial and other information as may be requested by prospective buyers. The Parties shall have no discretion over the terms and consideration of any sale by the Broker other than that such sale shall comply with this provision and the Sale Process.

   ii.  With respect to the disposition of the Pinewood Complex or any ownership interests therein, the Parties shall cooperate with each other in good faith and in a timely manner to take advantage of any tax savings or tax deferral strategies to maximize realization of the value of the Pinewood Complex.

   iii. The Sales Process shall be under the auspices of the Court, and the Parties agree to present any issues or disputes regarding the Sales Process to the Court for resolution in the Court's sole discretion and authority. The Court's rulings with regard to the Sales Process shall be binding upon the Parties.

3. **Until Closed Affiliated Manages** --Prior to the closing of the sale of the Pinewood Complex, the Pinewood Complex will continue to be managed by the current management company under the Court's existing order consistent with past practice and the distributions will continue as they currently exist at the discretion of the current management company.

4. **Gertners Complex, Carey Complex, Clifton Center, and Clifton Property** -- The BR Parties have divided the four remaining properties into two packages with Gertners Complex and Carey Complex with any existing mortgages on those properties in one package (to be satisfied by the party taking the first package within 60 days of receiving the properties), and Clifton Center and Clifton Property with any existing mortgages in the second package (to be satisfied by the party taking the second package within 60 days of receiving the properties). Immediately after the execution of the Settlement Agreement (the "**Selection Date**"), Chana shall make the election to take title to the properties in one of the packages by written notice to Benjamin. The package selected by Chana shall be deemed the "**Selected Package**," the package not selected by Chana shall be deemed the "**Non-Selected Package**," and the date on which Chana makes her selection shall be deemed the "**Selection Date**." Within 60 days of the Selection Date, the BR Parties shall use good faith and diligent efforts to cause the transfer of exclusive title to the Packaged Properties in the Selected Package to CR Lakewood or whoever Chana designates to receive the properties in the Selected Package, and the CR Parties shall use good faith and diligent efforts to cause the transfer of exclusive title to the Packaged Properties in the Non-Selected Package to the BR Parties or whoever Benjamin designates to receive the properties in the Non-Selected Package (the "**Packaged Properties Closing Date**"). The transfer of the foregoing properties shall be structured in such a way as to constitute a distribution under Section 731 of the Internal Revenue Code (the "**Code**"). The Parties hereby instruct the accountants and management company of BCR Lakewood, Affiliated Management, to ensure that the books and records and tax filings of BCR Lakewood and the Companies be consistent with the foregoing treatment and intent.

   In the event either of the Parties does not close or fulfill any of the transactions or transfers contemplated by this Agreement, the Parties agree to present any issues or disputes to the Court for resolution in the Court's sole discretion and authority. The Court's rulings with regard to the Packaged Properties shall be binding upon the Parties.

5. **Arbitration of Remaining Claims in the Actions**. The Parties shall submit all remaining claims in the Actions (the "**Remaining Claims**") including the parties' respective claims for monetary damages in the BCR Lakewood action, and the parties' respective claims in the Oakridge action including Chana's claims for equitable relief with respect to the Oakridge property owned by Sunset to binding arbitration ("**Arbitration**"), which shall occur at a mutually acceptable location in New Jersey. Within fourteen (14) days from the date of the full execution of the Settlement Agreement, the Parties shall select a mutually acceptable arbitrator ("**Arbitrator**"). In the event the Parties cannot agree on an arbitrator within this fourteen (14) day period, the CR Parties shall propose three (3) arbitrators to the BR Parties, who shall select one of the proposed arbitrators to serve as Arbitrator within seven (7) days. The Arbitrator shall have the right to award all of the equitable and legal relief as requested by the Parties in the Actions. The Arbitration shall take place within two (2) months from the date of the selection of the Arbitrator. In the event the Arbitration does not begin within two (2) months (6) from the date of the selection of the Arbitrator, the Actions shall continue to be tried before Honorable Francis R. Hodgson, Jr., P.J.Ch., Superior Court of New Jersey, on dates set by the Court.

2

6. **Escrowed Funds.** In the event the sale of the Pinewood Complex occurs prior to the issuance of a final arbitration award in the Arbitration or the entry of final judgment in the Actions, the CR Parties and the BR Parties shall each escrow with the Court the sum of $2.5 million (*i.e.*, $5 million in total) ("**Escrowed Funds**") as discussed above. The Parties shall submit a Consent Order to the Court for filing which provides that the Escrowed Funds shall be used solely to satisfy any claim for monetary relief by any Party in the Actions, and that the Escrowed Funds shall not be subject to execution by any judgment creditor of the Parties.

7. **Jurisdiction of the Court.** The Court shall maintain jurisdiction over the Parties to enforce the terms of the Settlement Agreement.

--- SIGNATURE PAGE TO FOLLOW ---

3

IN WITNESS WHEREOF, the Parties have caused this Term Sheet to be duly executed as of the date set forth with their respective signatures below.

Dated: ~~July~~ Sept 11, 2020

_Chana Ringel_
CHANA RINGEL

CR LAKEWOOD, LLC

Dated: ~~July~~ Sept 11, 2020

_Chana Ringel_
By: Chana Ringel
Title: Manager

Dated: July ___, 2020

_____
BENJAMIN RINGEL

BR LAKEWOOD, LLC

Dated: July ___, 2020

_____
By:
Title:

SUNSET HILL OAKRIDGE PLAZA, LLC

Dated: July ___, 2020

_____
By:
Title:

IN WITNESS WHEREOF, the Parties have caused this Term Sheet to be duly executed as of the date set forth with their respective signatures below.

Dated: July ____, 2020

CHANA RINGEL

CR LAKEWOOD, LLC

Dated: July ____, 2020

By: Chana Ringel
Title: Manager

Oct
Dated: ~~July~~ 26 2020

_____
BENJAMIN RINGEL

BR LAKEWOOD, LLC

Oct
Dated: ~~July~~ 26, 2020

_____
By: Benjamin Ringel
Title: Mangg Member

SUNSET HILL OAKRIDGE PLAZA, LLC

Oct
Dated: ~~July~~ 26, 2020

_____
By: Benjamin Ringel
Title: Manager

4

Dated: Sept _14_, 2020

Dated: Sept _10_, 2020

Docs #4367852-v1

RINGEL CHILDREN TRUST I

By: Yael Ringel
Title: Trustee

By: DAVID Schreiber
Title: Trustee