Presentment Date and Time: October 10, 2023 at 11:00 a.m. (Prevailing Eastern Time)
Objection Deadline: October 6, 2023 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objections Filed): To Be Scheduled

Andrew K. Glenn
Jed I. Bergman
Malak S. Doss
Margaret J. Lovric
**GLENN AGRE BERGMAN & FUENTES LLP**
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600

*Proposed Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 ) ) Case No. 23–22655 (SHL) |
| BCR PINEWOOD REALTY LLC, | ) ) |
| Debtor. | ) ) |

**NOTICE OF PRESENTMENT OF DEBTOR'S APPLICATION
FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF GLENN AGRE BERGMAN & FUENTES LLP
AS COUNSEL *NUNC PRO TUNC* TO SEPTEMBER 7, 2023**

**PLEASE TAKE NOTICE** that BCR Pinewood Realty LLC, as debtor and debtor-in-possession (the "Debtor") in the above captioned Chapter 11 case (the "Chapter 11 Case"), will present the annexed *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Glenn Agre Bergman & Fuentes LLP as Counsel* Nunc Pro Tunc *to September 7, 2023* (the "Application").

**PLEASE TAKE FURTHER NOTICE** that the Application will be presented to the Honorable Sean H. Lane, United States Bankruptcy Judge for the Southern District of New York, for signature on **October 10, 2023 at 11:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "Objections") to the Application shall be in writing, shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules, shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with two single-sided hard copies delivered to the Judge's Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399, the Bankruptcy Rules, and the Local Bankruptcy Rules, so as to be filed and served upon (i) proposed counsel to the Debtor, Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, New York 10036 (Attn: Andrew K. Glenn, Esq., Jed I. Bergman, Esq., Malak S. Doss, Esq., and Margaret J. Lovric, Esq.); (ii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Shara Cornell, Esq.); and (iii) any other party-in-interest entitled to notice of this Applicaiton by no later than **October 6, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only those Objections timely filed and actually received by the Objection Deadline in accordance with the requirements set forth herein will be considered by the Bankruptcy Court. If no Objections are timely filed and served with respect to the above referenced Application, the Debtor may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Application, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that if an Objection is timely filed and served, a hearing (the "Hearing") may be held before the Bankruptcy Court to consider the Application and Proposed Order on a date and time to be scheduled.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend any Hearing and failure to appear may result in relief being granted upon default.

Dated: September 22, 2023
New York, New York

**GLENN AGRE BERGMAN & FUENTES LLP**
By: */s/ Andrew K. Glenn*
Andrew K. Glenn
Jed I. Bergman
Malak S. Doss
Margaret J. Lovric
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 970-1601
Email: aglenn@glennagre.com
jbergman@glennagre.com
mdoss@glennagre.com
mlovric@glennagre.com

*Proposed Counsel to the Debtor*

Presentment Date and Time: October 10, 2023 at 11:00 a.m. (Prevailing Eastern Time)
Objection Deadline: October 6, 2023 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objections Filed): To Be Scheduled

Andrew K. Glenn
Jed I. Bergman
Malak S. Doss
Margaret J. Lovric
**GLENN AGRE BERGMAN & FUENTES LLP**
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600

*Proposed Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BCR PINEWOOD REALTY LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 23–22655 (SHL) |

### DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GLENN AGRE BERGMAN & FUENTES LLP AS COUNSEL *NUNC PRO TUNC* TO SEPTEMBER 7, 2023

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

BCR Pinewood Realty LLC, as debtor and debtor-in-possession (the "Debtor") in the above captioned Chapter 11 case (the "Chapter 11 Case"), respectfully submits this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Sections 327 and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing the Debtor to retain and employ Glenn Agre Bergman & Fuentes LLP ("Glenn Agre") as counsel to the Debtor, *nunc pro tunc* to

September 7, 2023. In support of this Application, the Debtor relies upon the declaration of Andrew K. Glenn (the "Glenn Declaration"), managing partner at Glenn Agre, attached hereto as **Exhibit B**, and the declaration of Benjamin Ringel, Co-Managing Member of the Debtor, attached hereto as **Exhibit C** (the "Ringel Declaration"), both incorporated herein by reference, and respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are Sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1.

## BACKGROUND

3. On September 7, 2023 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under Chapter 11 of the Bankruptcy Code. The Debtor is the owner of a residential apartment complex, commonly known as Pinewood Apartments, located at 1609-15 Monmouth Avenue, Lakewood, New Jersey 08701 (the "Property"). The Debtor is authorized to continue to operate its business and manage the Property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Case.

4. Additional Information regarding the Debtor's business and capital structure and the circumstances leading to the commencement of the Chapter 11 Case is set forth in the

*Declaration of Benjamin Ringel Pursuant to Local Bankruptcy Rule 1007-2* [Dkt. No. 2] (the "First Day Declaration").[1]

## RELIEF REQUESTED

5.  By this Application, the Debtor seeks entry of an order, pursuant to Sections 327 and 328(a) of the Bankruptcy Code, authorizing the retention and employment of Glenn Agre as counsel to the Debtor, to perform necessary legal services pertaining to this Chapter 11 Case, *nunc pro tunc* to September 7, 2023, as more fully described herein, and in accordance with the terms and conditions set forth in that certain engagement letter between the Debtor and Glenn Agre dated September 7, 2023 (the "Engagement Agreement"), which is attached as **Exhibit 1** to the Glenn Declaration and is incorporated herein by reference.

## GLENN AGRE'S QUALIFICATIONS

6.  Glenn Agre is a national law firm with its principal office in New York, New York, and a second office in San Francisco, California. The Debtor has selected Glenn Agre as its counsel because of Glenn Agre attorneys' extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations, their past representation of debtors, creditors, and official and ad hoc creditor and equity committees, and their expertise, experience, and knowledge practicing before bankruptcy courts, including this Court.

7.  Attorneys at Glenn Agre have served as counsel to debtors, trustees, creditors' committees, equity committees, and creditors in many of the country's largest bankruptcy proceedings. *See, e.g.*, *In re Garrett Motion Inc.*, Case No. 20-12212 (MEW) (Bankr. S.D.N.Y. 2020) (counsel for official committee of equity securities holders); *In re Hercules Offshore, Inc., et al.*, Case No. 16-11385 (KJC) (Bankr. D. Del. 2016) (counsel for official equity committee); *In*

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the First Day Declaration.

re LATAM Airlines Group S.A., Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. 2020) (counsel for ad hoc committee of shareholders); *In re The Hertz Corporation, et al.*, Case No. 20-11218 (MFW) (Bankr. D. Del. 2020) (counsel for ad hoc committee of shareholders); *In re Cineworld Group PLC, et al.*, Case No. 22-90168 (MI) (Bankr. S.D. Tex. 2022) (counsel to ad hoc group of secured lenders); *In re Endo International plc*, Case No. 22-22549 (JLG) (Bankr. S.D.N.Y. 2022) (counsel for ad hoc group of unsecured noteholders); *In re Ninety-Five Madison Company, L.P.*, Case No. 21-10529 (DSJ) (Bankr. S.D.N.Y. 2021) (counsel for the debtor); *In re Grupo Aeroméxico, S.A.B. de C.V.*, Case No. 20-11563 (SCC) (Bankr. S.D.N.Y. 2020) (conflicts counsel to ad hoc group of lenders and noteholders); *In re Covia Holdings, Inc.*, Case No. 20-33302 (Bankr. S.D. Tex. 2020) (special counsel to creditors' committee); *In re MTE Holdings, LLC*, Case No. 19-12269 (CSS) (Bankr. D. Del 2019) (counsel for the debtors); *In re Exco Resources*, Case No. 18-30155 (MI) (Bankr. S.D. Tex. 2018) (counsel for senior secured lenders); *In re SunEdison Inc.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. 2016) (counsel for ad hoc committee of second lien lenders); *In re ESML Holdings Inc. et al.*, Case No. 16-11626 (BLS) (Bankr. D. Del. 2016) (counsel for official committee of unsecured creditors and unsecured creditor litigation trust); *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del. 2014) (counsel for ad hoc group of legacy noteholders); *In re Borders Group, Inc.*, Case No. 11-10614 (MG) (Bankr. S.D.N.Y. 2011) (counsel for debtors); *In re Adelphia Communications Corp.*, Case No. 02-41729 (REG) (Bankr. S.D.N.Y. 2002) (counsel for official committee of unsecured creditors); and *In re Enron Corp.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. 2001) (counsel for various creditors).

8. Accordingly, Glenn Agre has the necessary capabilities and expertise to serve as counsel and deal effectively with many of the potential legal issues and difficulties that may arise in the context of the Chapter 11 Case. Additionally, Glenn Agre was retained by the Debtor prior

to the commencement of the Chapter 11 Case to advise on a potential restructuring. As a result of Glenn Agre's prepetition work on behalf of the Debtor, Glenn Agre has acquired a strong understanding of the Debtor's capital structure and gained insight into the current condition of the Debtor's business, management, assets, and liabilities. Based on the foregoing, Glenn Agre is both well qualified and uniquely able to represent the Debtor in an efficient and timely manner.

## SERVICES TO BE PROVIDED

9. The Debtor requests approval of the retention and employment of Glenn Agre for rendering the following necessary legal services required in the Chapter 11 Case, including, among others:

   a. advise the Debtor in connection with its rights, powers and duties as debtor-in-possession in the continued management and operation of its business and property;

   b. take necessary action to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor and representing the Debtor's interests in negotiations concerning litigation in which the Debtor is involved, including, but not limited to, objections to claims filed against the estate;

   c. attend meetings and negotiate with representatives of creditors and other parties-in-interest;

   d. prepare, on behalf of the Debtor, all necessary motions, applications, answers, orders, reports, and papers in support of positions taken by the Debtor and necessary to the administration of the estate;

   e. negotiate and prepare, on behalf of the Debtor, a plan of reorganization and all related documents;

   f. advise the Debtor in connection with any sale of assets;

   g. appear before this Court and any appellate courts in connection with the Chapter 11 Case; and

   h. perform other necessary legal services and provide other necessary legal advice to the Debtor in connection with the Chapter 11 case.

10. It is necessary for the Debtor to employ attorneys to render the foregoing professional services. Glenn Agre has stated its desire and willingness to act in this Chapter 11

Case and render the necessary professional services as attorneys for the Debtor. In addition to this Application, the Debtor may file subsequent applications to employ additional professionals should further professional services be needed in this Chapter 11 Case. If additional professionals are retained by the Debtor, Glenn Agre will carefully monitor and coordinate efforts of all professionals in this Chapter 11 Case so as to avoid duplication of efforts.

**PROFESSIONAL COMPENSATION**

11. The Debtor, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any procedures or orders of the Court as are applicable to this Chapter 11 Case, proposes to compensate Glenn Agre at its regular hourly rates for legal and non-legal personnel, subject to the below, and to reimburse Glenn Agre for all reasonable and necessary expenses pursuant to the provisions of Sections 330 and 331 of the Bankruptcy Code.

12. Glenn Agre's current hourly billing rates, which are charged the same for both bankruptcy and non-bankruptcy clients, are as follows:

| Position | Hourly Rate |
|---|---|
| Partners | $1,000 - $1,475 |
| Of Counsel | $800 - $925 |
| Associates | $600 - $1,075 |
| Senior Analysts | $375 |
| Litigation Managers | $375 |
| Paralegals | $250 - $325 |

13. Glenn Agre has informed the Debtor that its hourly rates may change from time to time in accordance with Glenn Agre's established billing practices and procedures to reflect economic and other conditions and, generally, are adjusted in January of each year. Moreover, the above-hourly billing rates (the "Hourly Rates") to be charged by Glenn Agre for services to be rendered to the Debtor shall be the same hourly billing rates as charged to its other clients. The Hourly Rates are set at a level designed to compensate Glenn Agre fairly for the work of its

attorneys and paraprofessionals and to cover fixed and routine expenses. The Hourly Rates vary with the experience and seniority of the individuals assigned. Glenn Agre will provide notice of any rate increases to the Debtor and the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee").

14. In addition to the fees described above, the Debtor has agreed to reimburse Glenn Agre for all reasonable and necessary expenses. Specifically, and consistent with Glenn Agre's policy with respect to its other clients, Glenn Agre will bill the Debtor for reimbursement of costs, out of pocket expenses, and disbursements incurred in the rendition of services. These include but are not limited to: computerized research, travel, word processing, process service, and other costs, expenses, and disbursements.

15. Glenn Agre is not a creditor of the Debtors. As set forth in the Glenn Declaration, Glenn Agre received a retainer in the amount of $40,000 (the "Retainer") on September 1, 2023. On September 7, 2023, Glenn Agre applied its fees for services performed and expenses incurred prepetition against the Retainer. There is no remaining balance on the Retainer.

## GLENN AGRE'S DISINTERESTEDNESS

16. To the best of the Debtor's knowledge, and as detailed in the Glenn Declaration, (i) Glenn Agre is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, (ii) Glenn Agre does not represent any person or entity having an interest adverse to the Debtor in connection with the Chapter 11 Case, (iii) Glenn Agre does not hold or represent an interest adverse to the Debtor's estate with respect to matters on which Glenn Agre is employed and (iv) Glenn Agre has no connection to the Debtor, its creditors or any other party-in-interest except as disclosed herein and in the Glenn Declaration. The Debtor has been informed that Glenn Agre will conduct an ongoing review of its files to ensure that no disqualifying

circumstances arise. If any new relevant facts or relationships are discovered, Glenn Agre will supplement its disclosure to the Court accordingly.

## BASIS FOR RELIEF

17. The Debtor seeks to appoint Glenn Agre as its counsel in accordance with Sections 327(a) and 328(a) of the Bankruptcy Code. Section 328(a) authorizes a debtor, with the court's approval, to employ a "professional person under section 327 . . . of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

18. Section 327(a), in turn, provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title.

19. The Debtor submits that for all the reasons stated above and in the Glenn Declaration, the retention and employment of Glenn Agre as counsel to the Debtor is warranted under Sections 327(a) and 328(a) of the Bankruptcy Code. Further, The Debtor believes that no party-in-interest will be prejudiced by the granting of the employment *nunc pro tunc* to September 7, 2023, as provided in this Application, because Glenn Agre has provided and continues to provide valuable services to the Debtor's estate. Further, as described in the Glenn Declaration, Glenn Agre does not represent any other entity in connection with the Chapter 11 Case other than the Debtor, is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, and does not represent or hold any interest adverse to the interests of the Debtor's estate with respect to the matters for which it is to be employed.

## NOTICE

20.     Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 2 (Attn: Shara Cornell, Esq.), (ii) the holders of the 20 largest unsecured claims against the Debtor, and (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that no further notice is required.

21.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 22, 2023
New York, New York

                                            **BCR PINEWOOD REALTY LLC**

                                            By: */s/ Benjamin Ringel*
                                                Benjamin Ringel
                                                Co-Managing Member