# GIORDANO, HALLERAN & CIESLA, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
WWW.GHCLAW.COM

**DONALD F. CAMPBELL, JR., ESQ.**
SHAREHOLDER
DCAMPBELL@GHCLAW.COM
DIRECT DIAL: (732) 219-5494

*Please Reply To:*
1250 BROADWAY
36TH FLOOR
NEW YORK, NY 10001
(646) 475-8065

October 24, 2023

Client/Matter No. 21742-1

Honorable Sean H. Lane, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

    Re:    **In re BCR PINEWOOD REALTY, LLC**
              Chapter 11 Case No. 23-22655 (Bankr. S.D.N.Y.)(SHL)

Dear Judge Lane:

This office represents Intervenor, JDWC, LLC as assignee of RCG LV Debt IV Non-Reit Assets Holdings, LLC ("*JDWC*") in the above-referenced matter. Please accept this letter brief in lieu of a more formal brief in opposition to Debtor, BCR Pinewood Realty, LLC ("Debtor")'s application to appoint Glen Agre Bergman& Fuentes, LLC ("GABF") as counsel for the Debtor. Debtor joins in Chana Ringel and CR Lakewood, LLC (collectively referred to as "Channa Ringel")'s opposition to the Debtor's motion for all the reasons stated therein. (Docket No. 27). Specifically, JDWC addresses the issue of the $40,000.00 retainer allegedly paid to GABF by the Debtor. As provided in Chana Ringel's opposition, the Debtor did not make the retainer payment. Affiliated Management, the court appointed fiscal agent for the Debtor, has confirmed that it never sent a retainer to GABF. (Docket No. 27, pp. 6-7). GABF's motion does not indicate who paid the $40,000.00 retainer. The creditors and this Court should be informed as to

GIORDANO, HALLERAN & CIESLA
A Professional Corporation
ATTORNEYS-AT-LAW

Honorable Sean H. Lane, U.S.B.J.
October 24, 2023
Page 2

who made the retainer payment to GABF to determine potential conflicts of interest, the interest of other unknown parties and the validity of the assertion.

Moreover, the retainer agreement between the Debtor and GABF was executed by Benjamin Ringel ("Ringel"), who does not have the power to authorize the filing of the bankruptcy petition on behalf of the Debtor. In order for the bankruptcy petition to be filed, Channa Ringel had to consent to such a filing. She has advised the court that she never consented to the filing of a bankruptcy petition on behalf of the Debtor. (Docket No. 27, pp.8-9). In addition, Ringel does not have authority to file the bankruptcy petition on behalf of the Debtor as the Chancery Court removed Ringel from management of the Debtor. (Docket No. 27, p. 11). Thus, JDWC respectfully requests that this Court deny GABF's motion to be appointed as counsel for the Debtor.

Respectfully Submitted,

*/s/ Donald F. Campbell, Jr.*

DONALD F. CAMPBELL, JR., ESQ.

DFC/AHE

Cc: All noticing parties