Troutman Pepper Hamilton Sanders LLP
301 Carnegie Center, Suite 400
Princeton, NJ 08540-6227

troutman.com



**Angelo A. Stio III**
D 609.951.4125
angelo.stio@troutman.com

October 27, 2023

The Honorable Sean H. Lane, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

    Re:    *In re* **BCR Pinewood Realty, LLC**
              **Case No. 23-22655 (SHL)**

Dear Judge Lane:

        This firm represents Rushmore Capital, LLC ("Rushmore") the purchaser of a property located at 1609-15 Monmouth Avenue, Lakewood, NJ 08701 (the "Property"), under the terms of Sales Agreement that is referenced in the October 23, 2023 Declaration that Benjamin Ringel filed in opposition to the pending Motion to Dismiss or Lift the Automatic Stay. (Dkt. 44).

        We write in support of Chana Ringel's Motion to Dismiss (Dkt. 8) and to address certain misrepresentations Mr. Ringel has made concerning the sale process for the Property and Rushmore.

        **A.**    **Mr. Ringel's Misrepresentations about the Sale of the Property.**

        In his opposition to the Motion to Dismiss, Mr. Ringel asserts that "Rushmore has defaulted on its deadline to close." (Opp., ¶ 2, Dkt. 43). This statement is patently false. Rushmore could not have defaulted on its deadline to close when Mr. Ringel admits that this bankruptcy petition was filed more than a month prior to the "new closing deadline of October 10, 2023." (*Id.*, ¶ 21). As this Court well knows, the automatic stay prohibits any action related to the Property without Court approval.[1]

        Unfortunately, Mr. Ringel's misrepresentations continue.

        In his Declaration, Mr. Ringel contends that the sale of the Property to Rushmore has not occurred because Rushmore does not have the "cash on hand" to purchase the Property and is therefore "unable" to close on the sale of the Property. (Ringel Dec., ¶ 18). Contrary to Mr.

---

        [1] As Chana Ringel correctly points out in her Motion to Dismiss, Mr. Ringel is undeniably in breach of the Sales Agreement by filing this bankruptcy petition. Section 15(h)(7) of the Sales Agreement expressly prohibits any of the seller parties, which includes BCR Pinewood, from "fil[ing] a voluntary petition for bankruptcy." (Motion Exhibit 32, Dkt. 8-2 at 562).



Ringel's assertions, Mr. Ringel is the only party in default of the Sales Agreement, and he is the sole reason why the sale of the Property has not yet occurred. At all times since the Superior Court of New Jersey, Chancery Division awarded Rushmore the rights to purchase the Property, Rushmore has sought to close the transaction. Mr. Ringel has impeded the sale at every opportunity by refusing to comment on the sale documents, refusing to provide documents needed for the sale to occur, refusing to sign any closing documents, and by filing frivolous motions and appeals. Attached hereto as Exhibits A and B are letters from Rushmore to Mr. Ringel requesting his cooperation and documents. Mr. Ringel has consistently failed to comply and refused to respond.[2]

In fact, on two separate occasions, The Honorable Francis R. Hodgson, Presiding Judge of the Superior Court of New Jersey, Chancery Division, was forced to appoint a Special Agent to act on Mr. Ringel's behalf to both execute the Sales Agreement and deliver any closing documents needed to effectuate the sale because Mr. Ringel refused to do so. (Motion Exhibits 14 and 15, Dkt. 8-2 at 161 and 165). Despite these orders, the closing was postponed further because Mr. Ringel filed two frivolous appeals of Judge Hodgson's orders that made it impossible to close. Under Section 7(xi) of the Sales Agreement, Mr. Ringel was required to dismiss all "litigation effecting the ability to transfer clear title to the Property." (Motion Exhibit 32, Dkt. 8-2 at 557). Further, the documentation was required for the title insurer to issue title insurance.[3] Rushmore requested that Mr. Ringel dismiss these appeals and provide other documentation required under the Sales Agreement, but again he failed to respond and refused to provide them. *See* Exhibit C. Mr. Ringel's failure to do so placed him in default of his obligations under the Sales Agreement.

Ultimately, both of Judge Hodgson's orders were affirmed unanimously by the New Jersey Appellate Division. The Appellate Division found Mr. Ringel to be the "recalcitrant" party due to his "repeated failures to comply with the judge's order directing the sale of the Pinewood Property." (Motion Exhibit 17, Dkt. 8-2 at 194). These rulings remove any doubt regarding the veracity of Mr. Ringel's allegations concerning his own conduct and Rushmore. Mr. Ringel's failure to advise the Court of his conduct and Judge Hodgson's and the Appellate Division's rulings demonstrates the statements in his Declaration to be disingenuous, at best.

Further, the sale of the Property has not yet occurred because Mr. Ringel has a long list of creditors who have obtained restraining notices associated with judgments that they have against him. These restraining notices prohibit the transfer or disposal of any property owned directly or indirectly by Mr. Ringel, including the Property, until the judgments are satisfied absent

---

[2] Mr. Ringel also asserts that "Mr. Mandelbaum was never contacted by Rushmore's counsel in connection with execution or consummation of the Rushmore Sale Agreement." (Opp., ¶ 18 n.3). Again, the indisputable evidence demonstrates that this is outright false. Attached hereto as Exhibit F is just one example of the many emails between Rushmore's counsel and Mr. Mandelbaum regarding the Sales Agreement and Mr. Ringel's refusal to sign it.

[3] Section 7(xii) requires Mr. Ringel to deliver "[o]ther documents reasonably requested by Purchaser's title insurance company or required by the terms of this Agreement." (Motion Exhibit 32, Dkt. 8-2 at 557).



a court order. Attached hereto as Exhibit D is a restraining notice served upon Rushmore by a creditor of Mr. Ringel, LMEZZ 250 W90 LLC. Attached hereto as Exhibit E is a restraining notice served upon the designated closing agent for the sale of the Property by another creditor of Mr. Ringel, Atalaya Asset Income Fund II LP. As a result of these restraining notices, Rushmore could not close on the Property because Mr. Ringel has failed to satisfy his debts.[4]

Rushmore again requested assurances from Mr. Ringel that he will satisfy his creditors prior to or at closing and comply with his other closing obligations. *See* Exhibit G. Mr. Ringel failed to do so and refused to respond. As a result, Rushmore was required to seek a stay of the closing pending resolution of the restraining notices by the creditors and an order from the court on where distributions from the sale of the Property would be held. (Motion Exhibit 18, Dkt. 8-2 at 198). Rushmore also deposited an additional $500,000 in the escrow account (to be applied to the purchase price for the Property) in order to extend the closing date by an additional 30 days to provide sufficient time for the New Jersey Superior Court, Chancery Division to resolve these issues.[5] Rushmore's deposit of $3,000,000 toward the purchase price (including the $500,000 additional deposit) further demonstrates that Mr. Ringel statements about Rushmore are not credible.

As outlined above, Mr. Ringel is playing fast and loose with the Court. His factual recitation is false, and his arguments lack merit. Mr. Ringel is the sole reason why the sale of the Property to Rushmore has not occurred to date.

### B. This Bankruptcy Petition was Filed in Bad Faith to Cause Further Delay.

In his Declaration, Mr. Ringel also suggests that his bankruptcy filing is appropriate because the only practical solution to resolve the issues ***that he unilaterally created*** by his failure and refusal to comply with Court Orders is to sell the Property through bankruptcy. The problem with this argument is that Mr. Ringel filed the bankruptcy in bad faith, without any authority,[6] and

---

[4] Since then, a number of other creditors of Mr. Ringel have come forward claiming entitlement to his proceeds from the sale of the Property, related to claims and judgments against Mr. Ringel. These additional creditors include JDWC, LLC, and various law firms that performed work for Mr. Ringel over the years.

[5] Rushmore's motion is pending before the New Jersey Superior Court, Chancery Division and is scheduled to be heard November 16, 2023. Instead of simply agreeing to pay his creditors (as Mr. Ringel now represents to this Court that he wishes to do) or waiting for the pending motion to be heard, Mr. Ringel filed the instant petition.

[6] Another blatant misrepresentation that Mr. Ringel makes is that he had authority to file for bankruptcy because Ms. Ringel, the sole managing member of the Debtor, has a conflict because she has a "preexisting financial relationship with Rushmore." (Ringel Decl., ¶ 16. Dkt. 44). Ms. Ringel does not have any preexisting financial or business relationship with Rushmore. And tellingly, Mr. Ringel does not provide any evidence in support of his claim.



is attempting to use it to circumvent both Judge Hodgson's Orders and the Appellate Division's rulings and relist the Property so that he can attempt to purchase it.

Mr. Ringel should not be permitted to circumvent the law by forum shopping just to obtain a third bite at the apple and recycle his "I was the highest bidder arguments" that were already rejected by two courts. Indeed, leaving aside his lack of authority, his bankruptcy petition is improper because it was filed in a forum that has no connection to the case. The Debtor is a Delaware Corporation, the Debtor's principal place of business is located in New Jersey, the Debtor's members are located in New Jersey, and the Property is located in New Jersey.

The Court should consider the Petition for what it is – a frivolous filing by an individual with no authority pursue bankruptcy and a poorly veiled attempt to forum shop for a Court that is also the improper venue to hear any arguments – and dismiss the petition.

Nevertheless, if the Court is inclined to ignore Mr. Ringel's lack of authority to file a Petition and finds this Court to be a proper venue, Rushmore remains ready to close on the sale of the Property provided Mr. Ringel provides all the deliverables required under the Sales Agreement, including those necessary to satisfy Rushmore's title insurance company and lender, and a reasonable time is afforded for Rushmore and both entities to review the documentation and prepare for a closing on the Property.

We thank the Court for its consideration of this submission and attention to this matter.

Respectfully yours,

Angelo A. Stio III

cc:   all counsel of record