UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BCR PINEWOOD REALTY LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-22655 |

**RESPONSE OF INTERESTED PARTY COHEN TAUBER SPIEVACK
& WAGNER P.C. TO MOTION TO DISMISS PETITION**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Cohen Tauber Spievack & Wagner P.C. ("CTSW"), hereby joins the pending motion to dismiss the voluntary petition for bankruptcy (Dkt. 8) by Chana Ringel and CR Lakewood LLC. In support of this position, CTSW states as follows:

**CTSW's Interest**

1. CTSW is a professional corporation duly organized under the laws of the State of New York with its principal place of business at 420 Lexington Avenue, Suite 2400, New York, New York 10170, which engages in the practice of law.

2. On September 7, 2023, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. (D.E. 1) The Petition lists CTSW as a creditor of the Debtor, BCR Pinewood Realty LLC. This is not correct.

3. On or about July 23, 2008, Benjamin Ringel signed a retainer agreement on behalf of himself and a company of which he was a principal, Armstrong Capital, LLC ("Armstrong Capital"), with CTSW, for the purpose of CTSW providing him and his company legal services. From that time until February 2009, CTSW provided Ringel and Armstrong Capital legal services. CTSW regularly provided Ringel invoices reflecting such legal work.

4. Ringel failed to pay a significant portion of these legal invoices, and so in 2014, CTSW filed an action in New York Supreme Court, New York County, entitled *Cohen Tauber Spievack & Wagner P.C. v. Armstrong Capital LLC and Benjamin Ringel*, Index No. 152531/2014 (hereinafter the "2014 Action"), seeking compensation for the unpaid balance in legal fees, along with interest and costs.

5. A judgment against both defendants in the 2014 Action was entered on March 1, 2016 in the total amount of $246,306.68.

6. To date, Ringel has not paid any part of such judgment. The total due, including post-judgment interest, is approximately $400,000.

**CTSW's Enforcement Efforts**

7. Shortly after the entry of judgment in the New York court, CTSW served a restraining order and served post-judgment discovery on Mr. Ringel. He has ignored both.

8. CTSW also has brought two actions in New York Supreme Court to enforce the judgment, one an action for a turnover of certain assets pursuant to N.Y. CPLR 5225(b) entitled *Cohen Tauber Spievack & Wagner P.C. v. Ringel et al.,* Index No.: 153525/2022 (NY Cty.), the other an action seeking to set aside certain fraudulent transfers by Mr. Ringel entitled *Cohen Tauber Spievack & Wagner P.C. v. Ringel et al.,* Index No.: 653585/2021 (NY Cty.)

9. In the fraudulent transfer action, the Supreme Court granted summary judgment on a portion of CTSW's claims, finding that a transfer of a 40% interest by Mr. Ringel in 2015 was a fraudulent transfer under New York law. That action continues with respect to Ringel's other fraudulent transfers.

10. CTSW also applied for a charging order under New Jersey law against various limited liability companies in which Benjamin Ringel has an interest, including Debtor. The New

Jersey Superior Court granted that application on July 7, 2023. A copy of that Order is attached as Exhibit A.

11. CTSW is not and has never been a creditor of Debtor. It is a creditor of Benjamin Ringel, based on the above-referenced judgment. The charging order it obtained does not render CTSW a creditor of Debtor under New Jersey law, for the reasons already stated in the Motion to Dismiss. Accordingly, CTSW is prejudiced by the filing and continued pendency of this Chapter 11 case which seeks to evade a pre-existing court supervised consensual process by all parties to realize the value of the assets for the ultimate creditors entitled to the proceeds of such assets.

**CTSW's Interest Is In Dismissal**

12. As detailed in the Motion to Dismiss, the sole asset of Debtor, a large residential property was in the process of being sold under the direction of the New Jersey Court, and that would have resulted in a fund which would have paid off Mr. Ringel's creditors, including CTSW. The instant petition appears calculated to derail this process. CTSW believes that its interests would be best served if the Petition were dismissed, and the case permitted to be returned to the New Jersey court to oversee that sale.

13. Accordingly, it is respectfully requested that the Court dismiss the Petition.

Dated: October 27, 2023  **COHEN TAUBER SPIEVACK & WAGNER P.C.**

By: /s/ Joseph M. Vann
    Joseph M. Vann
    Stephen Wagner
    Jackson S. Davis
    420 Lexington Avenue, Suite 2400
    New York, NY 10170
    Tel.: 212-586-5800
    jvann@ctswlaw.com