

Efrem Schwalb
eschwalb@koffskyschwalb.com

500 Seventh Avenue, 8th Floor
New York, New York 10018
T: 646.553.1590
F: 646.553.1591
www.koffskyschwalb.com

October 30, 2023

**VIA ECF**

The Honorable Sean H. Lane
United States Bankruptcy Judge
United States Bankruptcy Court for the
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

      Re: *In re BCR Pinewood Realty, LLC*
      **Chapter 11 Case No. 23-22655 (SHL)**

Dear Judge Lane:

The undersigned represents CR Lakewood LLC and Chana Ringel (collectively the CR Parties), who is the actual manager of Debtor BCR Pinewood Realty, LLC pursuant to an order of the New Jersey Chancery Court as shown in the CR Parties' motion to dismiss or to lift the automatic stay which is scheduled to be heard tomorrow morning. We write in response to Mr. Glenn's letter of earlier today in which he advised the Court that the "Debtor" has agreed with the US Trustee to transfer this action to the District of Delaware. The "Debtor's agreement" exemplifies the bad faith and gamesmanship of Mr. Glenn's true client, Benjamin Ringel. As shown in the CR Parties' pending motion to dismiss, Mr. Ringel is not authorized to make any agreements on behalf of Debtor, and, this agreement to transfer venue should be rejected.

Mr. Glenn's request to transfer venue on the eve of the hearing on the motion to dismiss, when the U.S. Trustee's motion to transfer is not set for hearing until mid-November, is clearly nothing more than another litigation tactic. Mr. Ringel filed a petition in which he asserted that venue was proper in this Court, based on the pendency of another proceeding in this district, *In re Armstrong New West Retail LLC*, No. 16-23086, in which Mr. Ringel listed himself as the sole equity member of that debtor. (*See* Schedules, attached as Exhibit 1 hereto).

The basis for venue that was listed here is "Affiliate." No explanation is provided in Mr. Glenn's letter why he has suddenly decided that is incorrect, and as discussed below it is not incorrect pursuant to Mr. Ringel's explanation of how he was entitled to file this case in the first place. The Court should see this for what it is: gamesmanship.

Venue is proper in a district "in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership." 28 U.S.C. 1408(b). An affiliate is defined as a "<u>corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote</u>, by the debtor, or <u>by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the</u>

<u>outstanding voting securities of the debtor</u>.  11 U.S.C. § 101(2)(B).  An "entity" includes a "person." *Id*. § 101(15).

As admitted by Mr. Ringel in his initial declaration (Dkt. No. 2), Debtor is owned 100% by BCR Lakewood Holdings LLC, which in turn is 50% owned by BR Lakewood LLC.  Mr. Ringel claims to only own a 20 % interest in BR Lakewood LLC, but a NY court has already ruled that his transfer of a 40% interest therein was a fraudulent transfer and ordered it reversed.  (Dkt. 8-2, Motion Exh. 26).[1]  Thus, Mr. Ringel in fact owns at least 60% of BR Lakewood, and correspondingly 30% of Debtor.  Furthermore, Mr. Ringel lives in Lawrence, New York and claims that he is authorized to vote as a co-manager of Debtor.  The Debtor listed its mailing address as Armstrong Capital, which is Mr. Ringel's company, also located in New York.

Consequently, the Debtor is an affiliate of *Armstrong New West Retail*.  If the Debtor is not an affiliate of Armstrong New West Retail under the Bankruptcy Code, it is only because Mr. Ringel was removed as a co-manager by the Chancery Court, and thus he is admitting that the filing of the Petition was improper and this case should be dismissed, and he is also conceding that he is not authorized to consent to a change of venue on behalf of the Debtor.

The only connection between Delaware and BCR Pinewood Realty LLC is that it is a Delaware company.  Transfer to Delaware would certainly be inconvenient to all parties, none of which reside in Delaware.  Notably, the U.S. Trustee requested transfer to New Jersey, where Debtor's business (a residential complex) is located (in Lakewood, New Jersey).

Mr. Ringel cannot make any agreements on behalf of Debtor to transfer venue or otherwise.  This proceeding should simply be dismissed, so the continued gamesmanship can stop.

We have filed this letter as an informal response to Mr. Glenn's letter, and reserve the right to file a more formal response to the U.S. Trustee's motion.

Respectfully Submitted,

*Efrem Schwalb*

Efrem Schwalb

---

[1] Benjamin Ringel purportedly transferred 40% interest in BR Lakewood to a New York trust, the Ringel Children's Trust, in 2012, and another 40% in 2015.  The 2015 transfer was ruled fraudulent and reversed by the New York Supreme Court.  (Dkt. 8-2, Motion Exh. 26).  Creditors' claims that the 2012 transfer was fraudulent are still pending.