**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 </br> ) </br> ) Case No. 23-22655 (SHL) |
| BCR PINEWOOD REALTY LLC, | ) </br> ) |
| Debtor. | ) </br> ) |

**SUPPLEMENTAL DECLARATION OF BENJAMIN RINGEL IN SUPPORT**
**OF CHAPTER 11 PETITION AND IN OPPOSITION TO MOTION TO DISMISS**

I, Benjamin Ringel, state the following under penalty of perjury:

1. I am a managing member of BCR Pinewood Realty LLC, the debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 case. I am fully familiar with the facts and circumstances set forth below based upon my personal knowledge and/or my review of the Debtor's books and records.

2. I submit this supplemental declaration in further support of the Debtor's voluntary petition, filed on September 7, 2023, and in opposition to Chana Ringel's *Motion to Dismiss or to Lift the Automatic Stay* [Dkt. No. 8].

**I.     Atalaya's Order to Show Cause for Turnover of My Family's Shares of the Debtor.**

3. Atalaya Asset Income Fund II LP ("Atalaya") loaned approximately $9,500,000 to two entities affiliated with me that owned a shopping center and my home on Long Island (the "Home"). The collective value of the collateral was $21,000,000. In August 2015, Atalaya sent a default notice, which raised the interest rate from 9% to 24% within 90 days of the loan being closed.

4. The shopping center was sold for $5,400,000 the following year, and Atalaya received all of the proceeds. Atalaya's apparent goal in making the original loan was to foreclose on the Home, which it did in January 2020.

5. During the foreclosure, Atalaya sued on my personal guaranty and received a default judgment in Supreme Court of New York County on the same loan for $12,300,000. Because of the lawsuits instituted by my sister, Chana Ringel, I did not have the funds to hire good counsel to fight Atalaya.

6. In January 2020, the Home was appraised for $15,000,000. During the Summer of 2023, Atalaya marketed the Home for $28,000,000; nevertheless, Atalaya filed a partial satisfaction of the $12,300,000 judgment only in the amount of $9,000,000, which was Atalaya's credit bid at the January 2020 foreclosure sale. As I understand it, it is well-established New York law that a credit bid or sale price at a foreclosure sale is not the fair market value of the foreclosed property, which is used to determine the amount of a deficiency claim. However, there never was a hearing to determine the deficiency as is required by New York law.

7. Atalaya is a highly aggressive creditor, and its actions have resulted in regulatory penalties. The New York State Attorney General fined Atalaya $2.77 million for mortgage fraud after Atalaya admitted to stealing poor people's homes through a "rent to own" scam, memorialized in a consent decree entered into on August 27, 2019, which is attached hereto as **Exhibit A**.

8. Atalaya continued in its predatory tactics again last week by filing an Order to Show Cause (the "OSC") to take control of BR Lakewood LLC, which is a beneficial owner of the Pinewood Property. The OSC is attached hereto as **Exhibit B**.

9. BR Lakewood owns 50% of BCR Lakewood Holdings LLC ("Holdco") which owns 100% of BCR Pinewood LLC (the Debtor). The Debtor's primary asset is a residential complex ("Pinewood") that Rushmore Capital, LLC ("Rushmore") has offered to purchase for $47.1 million.

10. Even if the amount of the foreclosure sale determines the amount of its deficiency claim (which I dispute), Atalaya would be owed $4,250,000. BR Lakewood's interest in Pinewood is worth at least $20 million based on the Rushmore sale agreement.

11. Atalaya filed a motion in New Jersey Chancery Court to be paid $4,250,000 when Pinewood is sold. My intent is to proceed with such a sale as expeditiously as possible through the Chapter 11 plan filed with the Court [Dkt. No. 56] (the "Plan").

12. While the parties aligned against this Chapter 11 filing tell the Court that they are interested in pursuing the sale to Rushmore, their actions belie that contention. Notwithstanding Atalaya's motion in New Jersey seeking payment along with other creditors upon the sale, Atalaya filed the OSC last week hoping to take my family's equity interest in Pinewood to take an additional $16 million from my family. Atalaya agreed to delay the Rushmore closing in the New Jersey Chancery Court because then it can argue to the New York Supreme Court that the Rushmore sale will never occur to allow it to enforce against my family's equity in Pinewood. Thus, Atalaya's OSC is the "back door" way to gain control of Pinewood without awaiting a sale designed to merely pay it what it is owed.

13. If Pinewood is not sold through the bankruptcy process, the sale will be delayed for years in the New Jersey Chancery Court, as Rushmore's last motion asked for the return of its deposit and the closing to be delayed *indefinitely*. Atalaya supported Rushmore's motion.

14. Based on the continual delays imposed by Rushmore and agreed to by Atalaya and other creditors, I do not believe Rushmore has or ever will have the money to close.

15. The bankruptcy process is in place to maximize value of assets and pay off creditors; that is all I am trying to do. In the last month, I have received five inquiries from prospective buyers, each one I referred to the Debtor's broker, Jones Lang LaSalle. I believe

3

Pinewood can sell for close to $60 million based on comparative sales in New Jersey. As provided in the Plan, the proceeds from the sale of Pinewood will be more than sufficient to pay all creditors in full, and the bankruptcy process is the most efficient way to proceed with the sale and distribution of funds.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: October 31, 2023
New York, New York

By: */s Benjamin Ringel*
Benjamin Ringel
Co-Managing Member
**BCR PINEWOOD REALTY LLC**
*Debtor and Debtor-in-Possession*